UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANGELA CAPUTO, on behalf of herself and others similarly situated,

                      Plaintiffs,

-against-

SCOTT W. EPSTEIN, ANTIN, EHRLICH & EPSTEIN, LLP, AND JEFFREY S. ANTIN,

                      Defendants.
------------------------------------------------------------------x

Case No. 24-cv-

**COMPLAINT
AND JURY DEMAND**

**Collective and Class Action**

       Plaintiff Angela Caputo (sometimes referred to as "Representative Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, Boyd Richards Parker & Colonnelli, P.L., for her Complaint against Defendant Antin, Ehrlich & Epstein, LLP (the "Firm"), and Defendants Scott W. Epstein and Jeffrey S. Antin, in their individual and professional capacities as the owners, principals, partners or managers of the Firm (the "Individual Defendants", collectively with the Firm referred to as "Defendants"), states as follows:

## NATURE OF ACTION

       1.     Plaintiff Caputo, a former employee of Defendants at all relevant times, brings this action, on behalf of herself and all other similarly situated persons, to recover: (a) straight time wages for hours worked between 35 and 40 hours each week, as her salary covered only 35 hours, in violation of the New York Labor Law (the "NYLL"), §§ 650 *et seq.*; (b) overtime wages which Defendants failed to pay in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), §§ 650 *et seq.*; and (c) damages for Defendants' failures to provide the Notices of Pay Rate and Payday ("Pay Rate Notice") required under the New York Wage Theft Prevention Act, NYLL § 195.1 (the "WTPA"), and complete and

accurate pay statements as required under NYLL §195.3. Plaintiff Caputo and those similarly situated employees are also entitled to liquidated damages, costs, interest and attorneys' fees.

2. The claim is brought both as a collective and class action. The collective includes those non-exempt employees employed by the Defendants for three years prior to the filing of the Complaint through the final disposition of this matter ("FLSA Collective"), and the class includes those non-exempt employees employed by the Defendants for six years prior to the filing of the Complaint through the final disposition of this matter ("NYLL Class").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims involve federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

4. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL because the state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy.

5. This Court has personal jurisdiction over the Defendants on the basis that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs and those similarly situated within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and/or 29 U.S.C. §216(b) because Defendants transact (or transacted) business during the relevant time period, and have agents in the Southern District, and because a substantial part of

the events or omissions giving rise to Plaintiffs' individual claims, and the claims of the putative Collective and Class occurred in the Southern District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

8. Plaintiff Caputo is an adult, over eighteen years old, who currently resides in the State of New York, Westchester County.

9. At all relevant times, the Firm was and is a limited liability partnership engaged in the practice of law in New York with its principal office at 49 West 37th Street, 7th Floor, New York City, NY 10018.

10. At all relevant times, the Individual Defendants were and are the owners, principals, and/or managers of the Firm.

11. Upon information and belief, and at all times relevant herein, the Defendants conducted business with companies outside the State of New York.

12. Upon information and belief, and at all times relevant herein, the Defendants utilized goods and materials that moved through interstate commerce.

13. Upon information and belief, and at all times relevant herein, the Defendants conducted business with vendors and other businesses outside the State of New York.

14. The Defendants, as a regular part of their business, made tax payments and other payments to agencies and entities outside the State of New York.

15. The Defendants, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

16. At all times applicable herein and upon information and belief, the Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet, and telephone systems.

17. All Defendants were and are employers within the meaning of the FLSA and the NYLL.

## STATEMENT OF FACTS

18. Plaintiff Caputo was employed by Defendants at their law offices in New York City, New York, as a paralegal from approximately 2001 through July 2022.

19. At all relevant times, Plaintiff Caputo was a non-exempt salaried employee, paid on a bi-weekly basis.

20. Plaintiff Caputo is familiar with the Defendants' pay practices, company policies and procedures going back to at least 2016.

21. As a paralegal, Plaintiff Caputo performed such duties as were assigned to her by Defendants, including but not limited to assisting with case planning and management; conducting legal research; drafting basic legal documents; organizing, storing, and retrieving case files; assisting with trial preparation; reviewing and organizing documents and evidence; keeping track of deadlines and providing timely updates to Defendants; and otherwise providing support and assistance to the Defendants in their law practices.

22. Plaintiff Caputo had no managerial or supervisory duties or other discernible exempt duties. At all relevant times, she was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYLL and the Defendants acknowledged Caputo's status as a non-exempt employee.

23. At all relevant times, Plaintiff Caputo was properly classified as a non-exempt employee.

24. At all relevant times, Plaintiff Caputo worked at least five days per week, typically more than 40 hours each week.

25. Despite her salaried status, however, Plaintiff Caputo's bi-weekly pay was routinely modified without any basis or justification given by the Defendants, often fluctuating between $3,200 and $4,000 (per pay period).

26. As evidenced by Plaintiff Caputo's paystubs, her salary was intended to, and did, cover 35 hours of work per week. However, Plaintiff routinely worked in excess of 40 hours per week.

27. Plaintiff Caputo was never compensated for hours worked between 35 and 40 hours per week.

28. Moreover, Plaintiff Caputo was rarely compensated for overtime hours worked over 40 hours per week.

29. By way of example, for the pay period of December 22, 2021, through January 4, 2022, upon information and belief, Plaintiff Caputo worked in excess of 40 hours during each week, totaling over 80 hours for the pay period.

30. For that pay period, Defendants paid Plaintiff Caputo a flat rate of $3,750, and indicated on her paystub that said flat rate salary was to compensate her for 70 hours of work. To this same end, the paystub calculated her hourly rate as $53.57 ($3,750 divided by 70 hours).

31. Caputo was neither compensated at her regular hourly rate for hours worked between 70 and 80 hours, nor was she compensated for her overtime worked during that pay period.

32. A more precise statement of Caputo's hours and wages may be made when Plaintiff obtains the pay and time records that Defendants were required to keep, pursuant to the FLSA and NYLL.

33. Plaintiff Caputo, as well as those similar non-exempt employees, were not compensated for all hours worked, nor were they compensated for all hours worked in excess of 40 hours per week at a rate of one- and one-half times their regular rate of pay.

34. At all relevant times, Defendants did not provide Plaintiff, and those similarly situated employees, with Pay Rate Notices when they were hired, nor when their pay rates changed, as required by NYLL §195(3).

35. Similarly, at all relevant times, Defendants failed to provide accurate and complete wage statements containing all legally required information pursuant to the NYLL, as well as identifying the total hours worked by Plaintiff and those similarly situated employees.

36. As a result of the Defendants' policy of failing to provide proper wage notices and wage statements, Plaintiffs and the NYLL Class members were harmed, as such failure deprived them of the ability to timely contest Defendants' wage calculations, and also delayed providing proper compensation to Plaintiffs and the NYLL Class members.

37. By way of example, Defendants' failure to provide proper wage notices and wage statements deprived Plaintiffs and the NYLL Class members of notice to which they were entitled, regarding their total number of hours worked and proper overtime rate, thereby delaying Plaintiffs' and the NYLL Class members' claims asserted herein. As a result, Plaintiffs and the NYLL Class members are now limited to the FLSA and NYLL statute of limitations periods, even though their claims extend past such limitations periods.

38. As a result, Plaintiffs and the NYLL Class members have suffered actual monetary injuries as a result of Defendants' statutory violations.

39. The nature of the Defendants' violations of Plaintiff's and those similarly situated employees' rights have been performed on a continuing basis, spanning past any statutory limit.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff Caputo has consented to be part of this action by bringing this lawsuit pursuant to 29 U.S.C. §216(b), individually and as a collective action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct. The FLSA Collective, of which Plaintiff is a member, is composed of similarly situated individuals defined as Defendants' current and former non-exempt employees, including paralegals, legal assistants, law clerks, calendar clerks and other officer personnel, who were employed within the last three (3) years prior to this action's filing through the date of the final disposition.

41. Plaintiff Caputo desires to pursue her claims on behalf of herself and any individuals who opt-in to this action pursuant to 29 U.S.C. §216(b).

42. At all times relevant to this action, Plaintiff Caputo and all those similarly-situated, were employed by the Defendants within the meaning of the FLSA – 29 §§ U.S.C 201 et Seq.

43. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct.

44. Plaintiff Caputo and the putative FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. §216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices which failed to compensate employees their full and legally earned wages, nor the mandated overtime premium for hours worked over forty (40) during the workweek.

45. At all relevant times, the Defendants are and have been aware of the requirements to pay Plaintiff and the FLSA Collective for those total hours worked, and at one and one-half times their regular rates of pay for all hours worked each workweek above forty hours.

46. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' business records.

47. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

48. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, interest, attorneys' fees and costs pursuant to 29 § U.S.C. 216(b).

49. Defendants employ and have previously employed many FLSA Collective Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

50. Plaintiff Caputo has consented to be part of this action by the filing of this action on her behalf and with her consent.

51. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct. The NYLL Class, of which Plaintiff is a member, is composed of similarly situated individuals defined as Defendants' current and former non-exempt employees, including paralegals, legal assistants, law clerks, calendar

8

clerks and other officer personnel, who were employed within the last six (6) years prior to this action's filing through the date of the final disposition.

52. The NYLL Class members were and are: (a) entitled to be paid full and correct wages for all hours worked for the Defendants; (b) overtime wages for all hours worked above forty hours in a week, at a rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; and (c) entitled to receive Pay Rate Notices and accurate wage statements, required by NYLL 195(3).

53. The number and identity of the class members are determinable from the Defendants' records. The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from the Defendants' records. For notice purposes, their names and addresses are readily available from the Defendants' records. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

54. The class definition will be refined as is necessary, including after discovery, and the class would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

55. The Defendants, their officers, and directors are excluded from the Class, as well as all persons who will submit timely and otherwise proper requests for exclusion from the NYLL Class.

56. This action has been brought and may properly be maintained as a class action under Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation and the putative NYLL Class is easily ascertainable:

(a) Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder

of all members is impractical, if not impossible. Membership in the class will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

(b) Commonality: The Representative Plaintiff and the various classes share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Fed.R.Civ.P. 23(b)(3). For example, the Defendants' practices and policies of failing to comply with New York Labor Law requirements pertaining to wage notices and pay statements, as alleged above, applies to all members of the NYLL Class, and the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class. Similarly, the Defendants' unlawful wage policies and practices, including their failure to fully compensate all regular and overtime hours, are applicable class-wide and involve common legal and factual issues.

(c) Typicality: The Representative Plaintiff's claims are typical of the putative class members' claims. The Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.  All of the class members were subject to the same corporate practices of Defendants of failing to pay full regular and overtime compensation; violations of NYLL §195(3) by failing to issue accurate wage statements that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL

§195(1) by failing to provide to employees, upon hiring, and upon changing their pay rates, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names used by the employer, and other legally-mandated disclosures.

(d) Superiority of Class Action: Since the damages suffered by individual NYLL Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for NYLL Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual NYLL Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would create a risk of inconsistent rulings, which might be dispositive of the interests of other NYLL Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. This risk is particularly applicable here, in light of the demand herein for declaratory and injunctive relief relating to NYLL § 195(1) and (3). Moreover, the Representative Plaintiff is informed and believes, and based thereon alleges, that Defendants, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class certification is proper under Fed.R.Civ.P. 23(b)(2).

(e) Adequacy of Representation: The Representative Plaintiff in this class action is adequate representatives of the NYLL Class, in that the Representative Plaintiff's claims are typical of those of the NYLL Class, and the Representative Plaintiff has the same interests in the

litigation of this case as the NYLL Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in employment litigation of this nature, who has demonstrated diligence in investigating the facts relevant to the claims of the Representative Plaintiff and putative NYLL Class Members. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

57. Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct retaliation or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while reducing these risks.

58. A Class action is the only available method for the fair and efficient adjudication of this controversy. Upon information and belief, the NYLL Class is so numerous that joinder of all members is impracticable. Although the precise number of the members is unknown, and facts on which the calculation of those numbers are based are presently within the sole control of Defendants, upon information and belief, there are over 10 members during the class period.

59. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60. Again, a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour and frequency of pay litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit

in federal court against large entities such as the Defendants, and in light of the large number of putative class members.

## AS AND FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act - 29 U.S.C §§ 201 et Seq. (Overtime Wages)
(Brought on behalf of Plaintiff Caputo and the Collective)

61. Plaintiff Caputo alleges on behalf of herself and the FLSA Collective, and incorporates by reference the allegations in paragraphs 1 through 60 above as if set forth fully and at length herein.

62. This claim is brought as a collective and class action on behalf of the named Plaintiff Caputo and the FLSA Collective.

63. At all relevant times, Plaintiff Caputo was an employee and Defendants were employers within the meaning of the FLSA.

64. Defendants violated the FLSA by depriving Plaintiff Caputo and the FLSA Collective of their lawful wages. Specifically, the FLSA Collective members worked more than forty hours in a week and were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week.

65. At all relevant times, Defendants were, or should have been, aware of the requirements to pay Plaintiff Caputo and the FLSA Collective one and one-half times their regular rates of pay for all hours worked each workweek above forty hours. However, Defendants chose not to do so.

66. At all relevant times, Defendants failed and willfully failed to pay Plaintiff Caputo and the FLSA Collective overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

67. Due to Defendants' FLSA violations, Plaintiff Caputo and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
§§ NYLL 650 et Seq. (Unpaid Wages)
(Brought on behalf of Plaintiffs and the NYLL Class)

68. Plaintiff Caputo alleges the following, on behalf of herself and the NYLL Class, and incorporates by reference the allegations in paragraphs 1 through 67 above as if set forth fully and at length herein.

69. At all relevant times, Plaintiff Caputo was an employee and Defendants were employers within the meaning of the NYLL.

70. The NYLL requires payment of wages for all hours worked in a workweek. Defendants paid Plaintiff a salary for working 35 hours in a work week but did not compensate her at her regular rate of pay for all hours she worked up to 40 hours per week.

71. Plaintiff Caputo and those similarly situated employees were not compensated at their regular rate of pay for all hours worked up to 40 hours per week.

72. Defendants' failure to pay Plaintiff Caputo and those similarly situated employees at their regular rate of pay for all hours worked up to 40 hours per week was knowing and willful.

73. Further, Defendants reduced Plaintiff's salary at whim, without basis, justification or notice.

74. As a result, Plaintiff is entitled to the difference between her agreed upon salary and the lesser salary paid for all hours worked.

75. Defendants' violations of the NYLL wage requirements were willful and without good faith or reasonable basis to believe that such failures were lawful.

76. As a result of Defendants' failure to pay all required wages earned, Plaintiff Caputo and those similarly situated employees are entitled to unpaid wages, liquidated damages and attorneys' fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION**
§§ NYLL 650 et Seq. (Unpaid Overtime)
(Brought on behalf of Plaintiffs and the NYLL Class)

77. Plaintiff Caputo alleges the following, on behalf of herself and the NYLL Class, and incorporates by reference the allegations in paragraphs 1 through 76 above as if set forth fully and at length herein.

78. Plaintiff Caputo sues on her own behalf and on behalf of the New York Class under Rule 23 of the Federal Rules of Civil Procedure.

79. Plaintiff Caputo and the NYLL Class are entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and Defendants' failure to compensate them at a rate of at least 1.5 times their regular rate of pay for each and all such hours over forty in a week.

80. At all relevant times, Defendants were, or should have been, aware of the requirements to pay Plaintiff Caputo and the NYLL Class one and one-half times their regular rates of pay for all hours worked each workweek above forty. However, Defendants chose not to do so.

81. Exhaustion of remedies is not required before bringing a claim for unpaid wages and overtime pursuant to the NYMWA. See NYLL § 663(1).

82. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and the NYLL Class overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of NYMWA,

NYLL §§ 650 et seq., including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

83. Due to Defendants' NYLL overtime violations, Plaintiff Caputo and the NYLL Class are entitled to recover from Defendants, their unpaid overtime, maximum liquidated damages, prejudgment interest, and attorney's fees and costs, pursuant to NYLL § 663(1).

## AS AND FOR A FOURTH CAUSE OF ACTION
NYLL – Failure to Provide Accurate Wage Statements and Pay Rate Notices
(Brought on behalf of Plaintiffs and the NYLL Class)

84. Plaintiff Caputo alleges on behalf of herself, and all others similarly situated as NYLL Class members, and incorporates by reference the allegations in paragraphs 1 through 83 above as if set forth fully and at length herein.

85. Defendants failed to supply Plaintiff Caputo and the NYLL Class with a pay rate notice at the commencement of their employment and every time their pay rate changed, and further failed to supply accurate wage statements with every payment of wages as required by NYLL, Article 6, §195(3), listing the following information: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

86. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the NYLL Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, §198.

87. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the NYLL Class members are entitled to statutory penalties of two-hundred-fifty dollars for each workday that Defendants failed to provide them with pay rate notices, or a total of five-thousand dollars each, as well as reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Caputo, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Designation of this case as a collective action on behalf of the FLSA Collective members and ordering the prompt issuance of notice pursuant to 29 USC §216 (b) to all similarly situated members of an FLSA Collective, apprising them of the pending of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 USC §216 (b) and appointing Plaintiff and her counsel to represent the FLSA Collective Members;

B. Certification of this action as a class action pursuant to FRCP 23(a), (b)(2) and (b)(3) on behalf of the NYLL Class members and appointing Plaintiff and her counsel to represent the class;

C. An order tolling the statute of limitations;

D. That the Court declare, adjudge and decree that defendants violated the minimum wage provisions of the FLSA as to the Representative Plaintiff and the FLSA Collective;

E. That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the NYLL as to the Representative Plaintiff and the NYLL Class;

F. That the Court declare, adjudge and decree that defendants violated the overtime wage provisions of the FLSA as to the Representative Plaintiff and the FLSA Collective;

G. That the Court declare, adjudge and decree that Defendants violated the overtime wage provisions of the NYLL as to the Representative Plaintiff and the NYLL Class;

H. That the Court declare, adjudge and decree that Representative Plaintiff, the FLSA Collective and the NYLL Class were at all times relevant hereto, and are, entitled to be paid overtime for work beyond 40 hours in a week, and that the amounts to which Representative Plaintiff and the FLSA Collective and the NYLL Class are entitled is to be double as liquidated damages and awarded thereto;

I. That the Court make an award to the Representative Plaintiff, the FLSA Collective and the NYLL Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

J. For all other Orders, findings and determinations identified and sought in this Complaint;

K. For Pre-judgment and Post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR;

L. For reasonable attorneys' fees and expenses of this action, pursuant to 29 USC 216(b), NYLL and as otherwise provided by law;

M. Declaring that Defendants violated the notices and record keeping provisions of NYLL and WTPA;

N. An award of statutory damages for Defendants' failure to provide accurate wage statements pursuant to NYLL 198(1-d);

O. An aware of statutory damages for Defendants' failure to provide proper and/or accurate wage notices pursuant to NYLL 198 (1-b);

P.  A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL; and

Q.  An award of such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands trial by jury of all issues in this action properly triable before jury.

Date:  New York, New York
       July 31, 2024

>BOYD RICHARDS PARKER & COLONNELLI, P.L.
>*Attorneys for Plaintiff*
>
>_____/s/_____
>Jacqueline L. Aiello, Esq.
>1500 Broadway, Suite 505
>New York, New York 10036
>212-400-0626
>jaiello@boydlawgroup.com